UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.C.,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br><br>    Defendant. | Case No. 21-cv-02175-JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR APPROVAL OF ATTORNEY'S FEES**<br><br>Re: Dkt. No. 22 |

## I.   INTRODUCTION

Nancy McCombs ("Counsel"), who represented C.C. in this matter under a contingency fee agreement, brings a Petition for Approval of Attorney's Fees [§ 406(b)] (the "Motion"), seeking an award of $13,372.12 in attorneys' fees for work before this Court. For the reasons stated below, the Motion is GRANTED in part and DENIED in part.[1]

## II.  BACKGROUND

C.C. entered into a contingent fee agreement with counsel providing that counsel would be awarded 25% of all past-due benefits C.C. received as a result of this action, Motion, Ex. A. C.C. initiated this action to seek review of the final decision by the Commissioner of the Social Security Administration ("the Commissioner") denying their Application for disability insurance and Supplemental Security Income ("SSI") benefits under the Social Security Act ("SSA"). On September 24, 2021, before any motion practice had occurred, the Court approved a stipulation to voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g) and entry of judgment in favor of C.C. Dkt. no. 18. On December 17, 2021, the Court approved a stipulated fee award of $1,500

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and costs under 28 U.S.C. § 1920. Dkt. no. 21 ("EAJA stipulation").

On remand, the ALJ issued a decision on January 11, 2023 reversing the Commissioner's prior decision discontinuing C.C.'s benefits as of May 31, 2018. Motion, Ex. B. In a May 3, 2023 letter, the Commissioner informed C.C. that they were entitled to past-due benefits in the amount of $53,488.51. *Id.* Counsel asks the Court to award 25% of that amount ($13,372.12) in attorney's fees under 42 U.S.C. § 406(b), noting in the Motion that if her request for fees under Section 406(b) is granted, the fees and costs awarded pursuant to the EAJA stipulation would be paid to C.C. Counsel argues that her request is reasonable under *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 (2002) because C.C. entered into a valid contingent fee agreement with Counsel and that agreement required Counsel to assume the risk that she would receive no compensation for the time spent representing C.C. in this action if C.C. did not prevail. She further asserts that although she spent only 7.25 hours on this case, the amount she requests in fees would not be a windfall.

In its response to the Motion, the Commissioner explains that because it was not a party to the contingent fee agreement between C.C. and Counsel it is not in a position to either assent or object to the § 406(b) fees that Counsel seeks from C.C.'s past-due benefits. However, it has filed a response because the Commissioner has a role "resembling that of a trustee" for C.C. under *Gisbrecht*. The Commissioner observes that the effective hourly rate of the Section 406(b) fee award sought by Counsel is $1,844.43 ($13,372.13 ÷ 7.25 hours = $1,844.43 per hour) and suggests that the Court "may wish to consider whether it constitutes a windfall."

**III.    ANALYSIS**

The scheme established by Congress for attorney fee awards in cases involving social security claims is described by the Supreme Court as follows:

> Fees for representation of individuals claiming Social Security old-age, survivor, or disability benefits, both at the administrative level and in court, are governed by prescriptions Congress originated in 1965. Social Security Amendments of 1965, 79 Stat. 403, as amended, 42 U.S.C. § 406. . . . The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court. *See also* 20 CFR § 404.1728(a) (2001).

*Gisbrecht*, 535 U.S. at 793–94.  Subsection 406(b) provides, in relevant part, that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits."  42 U.S.C. § 406(b).

Under *Gisbrecht*, courts should "approach fee determinations [under § 406(b)] by looking first to the contingent-fee agreement, then testing it for reasonableness," and may reduce the recovery "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808.  The Ninth Circuit has applied *Gisbrecht* to mean that "court[s] may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Gisbrecht* 535 U.S. at 808).  In this analysis, courts "generally have been deferential to the terms of the contingency fee contracts in § 406(b) cases, accepting that the resulting *de facto* hourly rates may exceed those for non-contingency fee arrangements," noting that "basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003).

In addition to the fees permitted under § 406(b), the Equal Access to Justice Act ("EAJA"), enacted in 1980, allows a party who prevails against the United States in court, including a successful Social Security benefits claimant, to receive an award of fees payable by the United States if the Government's position in the litigation was not "substantially justified." *Gisbrecht*, 535 U.S. at 796 (citing 28 U.S.C. § 2412(d)(1)(A)).  In contrast to fees awarded under § 406(b), EAJA fees are based on the "time expended" and the attorney's "[hourly] rate."  28 U.S.C. § 2412(d)(1)(B).  In *Gisbrecht*, the Supreme Court explained that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both

3

prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.'" 535 U.S. at 796 (citing Act of Aug. 5, 1985, Pub. L. No. 99–80, § 3, 99 Stat. 186 (1985)). Accordingly, "an EAJA award offsets an award under [42 U.S.C. § 406(b)]," increasing "up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796.

Here, Counsel has established that C.C. entered into a valid contingent fee arrangement providing for a fee award of up to 25% of C.C.'s past due benefits. The Court recognizes that under *Gisbrecht*, the fee agreement with Counsel must be afforded significant deference, especially as the Court finds no evidence of delay or substandard representation. Nonetheless, the Court finds that the amount Counsel seeks in attorneys' fees constitutes a windfall to Counsel.

Counsel spent only 7.25 hours on this case and the descriptions of many of the tasks listed on her timesheet indicate that even this time is exaggerated. Further, most of the tasks Counsel performed in this case required only basic legal skills; some bordered on clerical tasks. In particular, the time sheets provided by Counsel reflect that she spent 1 hour drafting a 3-paragraph form complaint and simple summons, 12 minutes reviewing the single-page standard procedural order setting briefing dates on the parties' summary judgment motions, 45 minutes mailing the complaint, summons and procedural order to the Defendant, 12 minutes reviewing the consent to magistrate jurisdiction filed by Defendant, 24 minutes reviewing the Court's order to consent or decline magistrate jurisdiction and file Plaintiff's consent, 12 minutes reviewing the Court's order referring the case for reassignment to a magistrate judge and another 12 minutes reviewing the order actually reassigning the case, and 12 minutes reviewing Defendant's request for a 60-day extension on the deadline to file its answer and the administrative record. Motion, Ex. C. The only time counsel spent on the substantive aspects of the case was the hour and forty-five minutes she spent on initial review of the record and the thirty minutes she spent responding to emails from Defendants' counsel regarding the voluntary remand and reviewing the stipulation to remand. No briefing took place in this case, so Counsel did not spend any time drafting a summary judgment motion on C.C.'s behalf.

Given the very limited substantive legal work Counsel performed in this case, the $1,844.43 effective hourly rate is disproportionate to the benefit obtained. In the Motion, Counsel

did not cite a single case in which an effective rate of this magnitude has been awarded; of the cases she cited, the highest effective rate approved was in *Claypool v. Barnhart*, 294 F.Supp.2d 829, (S.D. 2 W.Va. 2003), in which the court approved a contingency fee translating to an effective hourly rate of $1,433. In that case, in contrast to this one, the case underwent full briefing, resulting in a court order reversing the decision of the Commissioner. *Id*. at 831. Similarly, the only case the Court has found where the effective rate was close to what counsel requests here (but still less), *Truett v. Berryhill*, No. 13-CV-2742 W (BLM), 2017 WL 3783892, at *2 (S.D. Cal. Aug. 31, 2017) (awarding effective rate of $1,788.62 per hour under a contingent fee agreement), is distinguishable for the same reason, namely, the case was fully briefed before the court reversed the decision of the Commissioner. Under these circumstances, the Court concludes that this is one of the unusual cases where awarding the contingent fee provided for under the parties' agreement is not reasonable. Instead, the Court finds that factoring in the risk associated with taking the case, a reasonable award should not result in effective rate that exceeds $1,000/hour, giving rise to an award of $7,250 in attorneys' fees.

## IV.   CONCLUSION

For the reasons stated above, the Court GRANTS the Motion in part and awards reduced attorneys' fees in the amount of $7,250. Counsel shall pay to C.C. the EAJA fees previously awarded in this case.

**IT IS SO ORDERED.**

Dated: June 12, 2023

JOSEPH C. SPERO
United States Magistrate Judge